UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEBORAH JOAN BRUMITTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:08-CV-00053 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff Deborah J. Brumitte ("Plaintiff") Application for Attorney Fees in the amount of $2,200, representing both costs and fees, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Docs. 23 and 24]. Defendant, the Commissioner of Social Security ("Commissioner"), has filed a Response in Opposition to the Plaintiff's motion [Doc. 25].

For the reasons that follow, it is **RECOMMENDED** that Plaintiff's motion for an award of attorney fees under the EAJA be **DENIED**.

**I. PROCEDURAL POSTURE**

Plaintiff filed an application for disability insurance benefits on December 14, 2004, in which she alleged disability that commenced on or about November 1, 1990. Plaintiff based her claim on her inability to work due to "nerves" and depression. [Tr.56.] Plaintiff's application was denied, and on August 5, 2005, her request for a hearing in front of Administrative Law Judge William P.

Newirk ("ALJ") was received. A hearing was held on March 21, 2007 in Knoxville, Tennessee where Plaintiff, who was represented by a non-attorney representative, appeared and testified, as did her friend Theda Mayes. [Tr. 312-334.] In a decision issued on April 25, 2007, the ALJ found that Plaintiff was not disabled and, thus, not entitled to disability insurance benefits. [Tr. 22.] Plaintiff then requested that the Appeals Council review the decision of the ALJ. The Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner

Plaintiff filed a complaint with this Court on February 2, 2008. United States District Judge Thomas A. Varlan entered a Judgment Order [Doc. 19], on March 5, 2009. This Order granted Plaintiff's Motion for Summary Judgement [Doc. 13], denied Commissioner's Motion for Summary Judgement [Doc. 16], and reversed the Commissioner's decision in this case denying Plaintiff's application for benefits under the Social Security Act. Further, it remanded the case to the ALJ for a new hearing consistent with District Judge Varlan's Memorandum Opinion. [Doc. 18].

## II. ANALYSIS

In order for a party to be entitled to EAJA attorney fees, four conditions must be met:

> (1) the plaintiff must be a prevailing party;
>
> (2) the application for attorney fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;
>
> (3) no special circumstances warranting denial of fees may exist; and
>
> (4) the government's position must be without substantial justification.

28 U.S.C. § 2412(d); see also Damron v. Comm'r of Soc. Sec., 104 F.3d 853, 855 (6th Cir. 1997).

**A.      Prevailing Party**

In this matter, Plaintiff is a prevailing party for purposes of EAJA fees. On February 22, 2008, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision and requesting award of Social Security Disability Insurance and/or Supplemental Security Income [Doc. 3.] The Court found the Commissioner's denial of benefits was not supported by substantial evidence and remanded the case for further consideration under sentence four of 42 U.S.C. § 405(g). [Doc. 18.] When Plaintiff obtained a remand of this action pursuant to sentence four of 42 U.S.C. § 405(g), she became a prevailing party for EAJA purposes. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

Thus, the Court finds that the Plaintiff has demonstrated the first statutory requirement.

**B.      Timeliness/Special Circumstances**

Plaintiff filed her Motion for EAJA Attorney Fees and Costs [Doc. 23] and her Affidavit in Support [Doc. 24], including an itemized justification of the amount requested, on March 30, 2009, within 30 days of this Court's judgment remanding this matter for further administrative consideration under sentence four of 42 U.S.C. § 405(g) [Doc. 19]. Further, the Commissioner has not argued the existence of any special circumstances that would make an award inappropriate.

Thus, the Court finds that the Plaintiff has demonstrated the second and third statutory requirements.

## C. Substantial Justification

The Commissioner argues that the government's position in defending the ALJ ruling on appeal was substantially justified and, therefore, the Plaintiff is not entitled to fees under the EAJA. [Doc. 25]. The Plaintiff asserts that the Commissioner's position in defending the ALJ ruling was not substantially justified by the record. [Doc. 23].

Under the EAJA, a prevailing party is entitled to attorney fees and expenses unless the government's position was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). In Pierce v. Underwood, 487 U.S. 552, 565-66 (1988), the phrase "substantially justified" was interpreted as follows:

> as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" - that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. See...Trident Marine Construction, Inc. V. District Engineer, 766 F.2d 974, 980 (6th Cir. 1985); . . . to be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for government litigation of which a reasonable person would approve.

The government's position will be substantially justified under the EAJA if it has a reasonable basis in both law and fact. Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004). The government bears the burden of establishing that its position was substantially justified. See Scarborough v. Principi, 541 U.S. 401, 414 (2004). However, a court's finding that the ALJ's decision was not supported by substantial evidence does not raise a presumption that the Commissioner's position was not substantially justified. See id. at 415.

In her Motion for Attorney Fees and Costs [Doc. 23], the Plaintiff simply states that the

4

Commissioner's position was not supported by the record and was not substantially justified. [Doc. 23 at 1]. The Plaintiff correctly asserts that it is the burden of the Commissioner to demonstrate that the government's position was substantially justified.

The Commissioner maintains that the agency's position was substantially justified. Specifically, the Commissioner notes that the Plaintiff made numerous claims of error in her suit, yet she prevailed on only one allegation of error. [Doc. 25 at 4]. Further, the Commissioner argues that, on the issue upon which the Commissioner did not prevail, the medical evidence in record supports a finding that the government's position was substantially justified or reasonable. The Commissioner contends that the ALJ's reliance on Pamela Branton, M.S., ("Ms. Branton"), a psychological examiner, and subsequent error in applying the Medical and Vocational Guidelines were reasonable. The Commissioner notes that Ms. Branton was qualified by the state of Tennessee and had years of experience and maintains that these qualifications should be considered despite the fact that Ms. Branton is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a).

Further, the Commissioner maintains that it was at least reasonable to rely upon Ms. Branton because other medical evidence in the record, including Warren Thompson, Ph.D., ("Dr. Thompson"), and George T. Davis, Ph.D., ("Dr. Davis"), supported Ms. Branton's conclusions. In the Memorandum Opinion [Doc. 18], the Court discussed Dr. Thompson and Dr. Davis's opinions. [Doc. 18 at 13]. As the Court noted, both Dr. Thompson and Dr. Davis found the Plaintiff's reports of symptoms not to be entirely credible, but both doctors diagnosed the Plaintiff as having a depressive disorder.

5

However, after reviewing these doctors' opinions and the other evidence in the record, the Court concluded that:

> Ms. Branton is also not a psychologist, nor is she classified as an "acceptable medical source," and in contrast to the primary care physicians and mental health professionals who saw the Plaintiff regularly, Ms. Branton saw the Plaintiff only once, at the single evaluation. The Court finds that the ALJ's heavy reliance on Ms. Branton, specifically her suspicions of exaggeration, was misplaced.

[Doc. 18 at 16]. Based upon this over-reliance on Ms. Branton's assessment, the lack of vocational expert testimony, and the ALJ's resulting misapplication of the Medical-Vocational guidelines, the Court found that the ALJ's decision was not supported by substantial evidence.

The Court has examined the position taken by the Commissioner in these proceedings, and the Court concludes that, despite the case's ultimate disposition and the heavy reliance on Ms. Branton, the Commissioner's decision was "justified to a degree that could satisfy a reasonable person." Underwood, 487 U.S. at 565. The Court finds that the Commissioner has satisfied the burden of establishing that the position taken was substantially justified. Scarborough, 541 U.S. at 414. The Court's decision to remand this case was based upon the weighing of the evidence of her mental disorders. The Court concluded that the ALJ's reliance on Ms. Branton was misplaced and that this reliance led to misapplication of the grids. These findings led to a conclusion that the there was not substantial evidence to support ALJ's decision that there would be significant numbers of jobs available in the national economy that the Plaintiff could perform. [Doc. 18 at 23]. However, the record contained support, just not substantial support, for the Commissioner's position and, as the Commissioner points out, a reasonable person could be satisfied to rely on Ms. Branton, with the partial support of Dr. Davis and Dr. Thompson, in making the decision to litigate this case.

Thus, the Court concludes that the Commissioner's decision to litigate was substantially justified. The Commissioner's unsuccessful argument that the ALJ's findings regarding the Plaintiff's mental health impairments were supported by substantial evidence does not undermine the fact that the litigation was justified to a degree that could satisfy a reasonable person. Jackson v. Chater, 94 F.3d 274, 279 (7th Cir. 1996) (assessing an EAJA fees claim and finding that "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action.") Accordingly, the Court finds that the Commissioner's position was substantially justified, and thus, the Court finds that the Plaintiff has failed to demonstrate the final statutory criteria contained in 28 U.S.C. § 2412(d). Because the statutory criteria have not been met, the Court finds that the Plaintiff's motion for fees is not well-taken and should be denied.

**D.    Quarter-Hour Billing Increment**

Finally, the Commissioner has presented an alternative argument that the Plaintiff's request for attorney's fees is not reasonable because it employs quarter-hour billing. In light of the above findings, the Court need not address this alternative argument. Nonetheless, the Court reiterates that quarter-hour billing is disfavored in this district. In Abdalla v. Astrue, No. 2:02-CV-186, Doc. 31 at 1 (E.D. Tenn. Mar. 3, 2008) (Jordan, J.) (unpublished), the Court rejected the plaintiff's billing statement because the minimum charging increment of one-quarter hour was "excessive and unacceptable." Id. The holding in Abdalla is based, in part, on billing statements that, like the one in this case, seek to charge the government for fifteen minutes of time to review one sentence documents. [See Doc. 24 at 2 (stating .25 hours were used to review Docs. 19 & 20)]. Counsel should employ one-tenth hour billing increments in future social security cases.

## IV. CONCLUSION

The Court finds that the Commissioner has demonstrated that its position in this litigation was substantially justified, and accordingly, the Court finds that the Plaintiff's Motion for Attorney Fees is not well-taken. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act **[Doc. 23]** be **DENIED**.

                              Respectfully submitted,

                              s/ C. Clifford Shirley, Jr.
                              United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).